# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

A. STUCKI COMPANY,

       Plaintiff,

v().                               Civil Action No.

TRANSQUIP U.S.A. INC.,       JURY TRIAL DEMANDED

       Defendant.

_____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, A. Stucki Company ("Stucki" or "Plaintiff"), by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, TransQuip U.S.A. Inc. ("TransQuip" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of United States Patent No. 8,656,840 arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

## THE PARTIES

2. Stucki is a corporation organized and existing under the laws of the State of Delaware, having a primary place of business of 360 Wright Brothers Dr., Moon Twp., PA 15108.

3. On information and belief, TransQuip is a corporation organized and existing under the laws of the State of Florida. On information and belief,

TransQuip has a principal place of business at 3360-C Lake Shore Blvd., Jacksonville, FL 32210.

## JURISDICTION AND VENUE

4. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over TransQuip. TransQuip is a corporation organized and existing under the laws of the State of Florida and, therefore, is subject to this Court's jurisdiction. Furthermore, on information and belief, TransQuip has regularly and systematically transacted business in and with residents of the State of Florida, directly and/or through intermediaries, and/or committed acts of infringement in the State of Florida as alleged more particularly below. In particular, on information and belief, TransQuip sells and/or offers for sale infringing products throughout the United States, including in Florida, under such circumstances that TransQuip reasonably should have anticipated being subject to suit in this judicial district.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

## BACKGROUND

7. Stucki is a manufacturing and engineering company that has been a leader in developing and commercializing innovative products for the rail industry for more than one hundred years.

8. Stucki has developed a number of improvements relating to railroad cars, including improvements in gaskets for manway openings in railroad cars, that are incorporated into products designed, manufactured, and sold by Stucki. As one example, Stucki has developed a line of manway nozzle gaskets that incorporate its innovative and proprietary technology.

9. United States Patent No. 8,656,840 ("the '840 Patent"), entitled "Manway Gasket," was duly and lawfully issued on February 25, 2014. A true and correct copy of the '840 patent is attached hereto as **Exhibit 1** and is incorporated by reference herein.

10. The '840 Patent has been in full force and effect since its issuance. Stucki owns by assignment the entire right, title, and interest in and to the '840 Patent, including the right to seek damages for past, current, and future infringement thereof.

11. The manway nozzle gaskets designed, manufactured, and sold by Stucki are covered by at least one claim of the '840 Patent.

12. TransQuip is a competitor of Stucki in a number of markets, including in the marketing and sale of products designed for railroad cars.

13. TransQuip manufactures, imports, sells, offers to sell, and/or distributes within the United States at least one manway nozzle gasket product that is marketed in the same markets and in direct competition with Stucki's marketing and sale of its manway nozzle gaskets.

14. As set forth in greater detail below, TransQuip's manufacture, import, sale, offer for sale, and/or distribution in the United States of its manway nozzle gaskets directly infringes one or more claims of the '840 Patent.

15. On information and belief, TransQuip's customers that use TransQuip's manway nozzle gaskets in the United States directly infringe one or more claims of the '840 Patent.

16. On information and belief, TransQuip owns and operates https://www.transquip.com/manway-gaskets, which offers for sale within the United States TransQuip's infringing manway nozzle gaskets.

17. On information and belief, TransQuip induces and/or contributes to infringement of the '840 Patent by selling, offering for sale, and/or distributing in the United States its infringing manway nozzle gaskets, with the knowledge and intent that its infringing manway nozzle gaskets be used in railroad cars. A true and correct copy of a brochure advertising for sale TransQuip's infringing manway nozzle gaskets for use in railroad cars is attached hereto as **Exhibit 2** and is incorporated by reference herein.

18. On October 2, 2025, Stucki sent correspondence to John Williams, CEO of TransQuip, regarding the '840 Patent. A true and correct copy of the October 2 correspondence, as well as the Appendix thereto, is attached hereto as **Exhibit 3** and is incorporated by reference herein.

19. TransQuip did not respond to Stucki's October 2, 2025 letter.

4

20. Accordingly, on October 31, 2025, Stucki sent a follow-up letter to TransQuip on October 31, 2025 documenting TransQuip's infringement of the '840 Patent. A true and correct copy of the October 31, 2025 correspondence is attached hereto as **Exhibit 4**.

21. On November 10, TransQuip replied to Stucki in a two-page letter in which it denied infringement on the grounds that its manway nozzle gasket had "Differentiating Dimensions" from Stucki's patented product. A true and correct copy of the November 10, 2025 correspondence is attached hereto as **Exhibit 5**.

22. On November 17, 2025, Stuck sent a further letter to TransQuip in which it advised TransQuip that its response was deficient and untethered to the law of patent infringement, and that TransQuip's ongoing infringement was willful. A true and correct copy of the November 10 correspondence is attached hereto as **Exhibit 6**.

23. Stucki's correspondence embodied in Exhibits 3, 4, and 6 placed TransQuip on notice that its manufacture, importation, sale, offer for sale, and/or distribution of its manway nozzle gaskets infringed one or more claims of the '840 Patent.

## COUNT I

### Direct Infringement of U.S. Patent No. 8,656,840

24. Stucki restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

25. The '840 Patent is valid and enforceable.

26. Claim 1 of the '840 Patent recites:

[1.0] A gasket for sealing between the manway nozzle of a containment vessel and an associated cover, the cover being movable relative to said manway nozzle to open and close an opening in said nozzle, said nozzle having an upper contact surface and said cover having a lower contact surface, the gasket comprising:

[1.1] an annular ring member having a generally planar annular body portion defining an upper annular cover sealing surface and a lower annular nozzle body sealing surface,

[1.2] said upper annular cover sealing surface including at least one annular upstanding chevron extending therefrom and configured to engage the lower contact surface of the cover, and said lower annular nozzle body sealing surface including at least one annular lower chevron extending therefrom in a direction generally opposite said upstanding chevron and configured to engage the upper contact surface of the nozzle. *See* **Exhibit 1**, column 7, lines 34-50.

27. Regarding element [1.0], the TransQuip manway nozzle gasket is a gasket for sealing between a manway nozzle of a containment vessel and an associated cover. *See* **Exhibit 3**, p. 4.

28. Regarding element [1.1], the TransQuip manway nozzle gasket includes an annular ring member having a generally planar annular body portion defining an upper annular cover sealing surface and a lower annular nozzle body sealing surface. *See* **Exhibit 3**, p. 5-6.

6

29. Regarding element [1.2], the upper annular cover sealing surface of the TransQuip manway nozzle gasket includes at least one annular upstanding chevron extending therefrom and configured to engage the lower contact surface of the cover, and the lower annular nozzle body sealing surface of the TransQuip manway nozzle gasket includes at least one annular lower chevron extending therefrom in a direction generally opposite said upstanding chevron and configured to engage the upper contact surface of the nozzle. *See* **Exhibit 3**, p. 7.

30. On information and belief, TransQuip has directly infringed and continues to directly infringe the '840 Patent under 35 U.S.C. § 271(a), literally and/or under the Doctrine of Equivalents, by manufacturing, importing, selling, offering to sell, and/or distributing within the United States one or more products, including TransQuip's manway nozzle gaskets.

31. TransQuip does not have a license or other lawful right to practice the invention claimed in the '840 Patent.

32. TransQuip's infringement of the '840 Patent has injured and continues to injure Stucki, causing irreparable harm for which damages are an inadequate remedy, such that a permanent injunction should be issued.

33. As a result of TransQuip's infringement of the '840 Patent, Stucki has suffered and continues to suffer monetary damages.

## COUNT II

## Willful Infringement of U.S. Patent No. 8,656,840

34. Stucki restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

35. TransQuip first learned of the '840 Patent at least as early as its receipt of the October 2, 2025 correspondence. *See* **Exhibit 3**.

36. TransQuip has been on notice that its manufacturing, importing, selling, offering to sell, and/or distributing within the United States of its manway nozzle gaskets infringes at least one claim of the '840 Patent since at least as early as its receipt of the October 2, 2025 correspondence. *See* **Exhibit 3**.

37. On information and belief, TransQuip has continued to manufacture, import, sell, offer for sale, and/or distribute within the United States its manway nozzle gaskets since first learning of the '840 Patent, and since being on notice of infringement from Stucki.

38. On information and belief, TransQuip acted despite an objectively high likelihood that the actions set forth above constituted infringement of at least one claim of a valid patent, the '840 Patent.

39. On information and belief, TransQuip actually knew, or it was so obvious that TransQuip should have known, that its actions constituted infringement of a valid patent, the '840 Patent.

40. TransQuip's infringement is therefore willful.

## COUNT III

## Indirect Infringement of U.S. Patent No. 8,656,840

41. Stucki restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42. On information and belief, users of TransQuip's manway nozzle gaskets have directly infringed and continue to directly infringe the '840 Patent under 35 U.S.C. § 271(a), literally and/or under the Doctrine of Equivalents.

43. TransQuip had actual knowledge of the '840 Patent at least as early as its receipt of the October 2, 2025 correspondence.

44. On information and belief, TransQuip has induced and/or contributed to the infringement of the '840 Patent under 35 U.S.C. §§ 271(b) and (c) by selling, offering for sale, and/or distributing in the United States TransQuip's manway nozzle gaskets, in conjunction with TransQuip's marketing of these products and/or the instructions provided by TransQuip in association with these products.

45. On information and belief, TransQuip induces infringement of at least one claim of the '840 Patent at least by instructing users to use TransQuip's manway nozzle gaskets in a manner resulting in direct infringement by the user with the knowledge and intent that doing so would result in the infringement of one or more claims of the '840 Patent by those users.

46. On information and belief, TransQuip contributes to infringement of at least one claim of the '840 Patent at least by selling, offering to sell, and/or

distributing TransQuip's manway nozzle gaskets, knowing the same to be especially made or especially adapted for use in a manner infringing the '840 Patent, without the same being a staple article or commodity of commerce suitable for substantial noninfringing use.

47. TransQuip's indirect infringement of the '840 Patent has injured and continues to injure Stucki, causing irreparable harm for which damages are an inadequate remedy, such that a permanent injunction should be issued.

48. As a result of TransQuip's indirect infringement of the '840 Patent, Stucki has suffered monetary damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Stucki respectfully requests that the Court grant the following relief:

    A. Enter judgement that TransQuip has directly infringed the '840 Patent;

    B. Enter judgment that TransQuip has induced infringement of the '840 Patent by selling, offering to sell, and/or distributing TransQuip's manway nozzle gaskets in the United States and instructing users to use TransQuip's manway nozzle gaskets in an infringing manner;

    C. Enter judgment that TransQuip has contributed to infringement of the '840 Patent by selling, offering to sell, and/or distributing TransQuip's manway nozzle gaskets in the United States;

D. Enter an order enjoining TransQuip and its affiliates, subsidiaries, officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '840 Patent;

E. Award Stucki damages in an amount sufficient to compensate it for TransQuip's infringement of the '840 Patent, including lost profits but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest at the maximum rate allowed by law and costs under 35 U.S.C. § 284;

F. Find that TransQuip's infringement has been willful, and treble the damages awarded to Stucki under 35 U.S.C. § 284;

G. Declare this case to be exceptional under 35 U.S.C. § 285 and award Stucki its attorney fees, expenses, and costs incurred in this action; and,

H. Award Stucki such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Stucki demands a jury trial on all issues so triable.

Date:   December 23, 2025

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Lauren Humphries*
_____
Lauren V. Humphries, Esq.
Florida Bar No.: 0117517
lauren.humphries@bipc.com
Buchanan Ingersoll & Rooney PC
TRUIST Place
401 E. Jackson Street, Suite 2400
Tampa, FL 33602-5236
Telephone: (813) 222-8180
***Attorneys for Plaintiff A. Stucki Company***


Andrew J. Koopman, Esq.
Bryan Opalko, Esq.
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801
Tel. (302) 552-4200
andrew.koopman@bipc.com
*Pro Hac Vice Forthcoming*
***Attorneys for Plaintiff A. Stucki Company***